# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                **Case No. 08-CR-172**

**PHILANDER BARFIELD**
        **Defendant.**

## DECISION AND ORDER

Defendant Philander Barfield filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Because the motion mistook the manner in which I originally determined his sentence, I afforded defendant a chance to revise and resubmit it, which he has done, providing an alternate basis for relief. The government opposes the amended motion. Because defendant is ineligible for a reduction under U.S.S.G. § 1B1.10(a)(2)(B), I deny his request.

## I. BACKGROUND

On June 24, 2009, defendant pleaded guilty to distribution of 50 grams or more of crack cocaine, 21 U.S.C. § 841(a)(1) & (b)(1)(A), a crime then carrying a statutory penalty range of ten years to life in prison. At defendant's September 2, 2010 sentencing hearing, I adopted a base offense level of 30 based on a drug weight of 73 grams of crack cocaine, U.S.S.G. § 2D1.1(c)(5) (2009), then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 27. Coupled with defendant's criminal history category of III, level 27 produced a guideline range of 87-108 months. However, defendant was subject to a 120 month mandatory minimum, which became his guideline sentence under U.S.S.G. § 5G1.1(b).

I then granted a 6 level reduction on the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). In a situation such as this, where the guideline range is lower than the statutory minimum, the court must depart from the statutory level. See, e.g., United States v. Diaz, 546 F.3d 566, 568 (8th Cir. 2008) (citing United States v. Auld, 321 F.3d 861, 867 (9th Cir. 2003); United States v. Cordero, 313 F.3d 161, 166 (3d Cir. 2002); United States v. Stewart, 306 F.3d 295, 331-32 (6th Cir. 2002); United States v. Li, 206 F.3d 78, 89 (1st Cir. 2000); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999); United States v. Head, 178 F.3d 1205, 1206 (11th Cir. 1999); United States v. Hayes, 5 F.3d 292, 295 (7th Cir.1993)); see also United States v. Johnson, 580 F.3d 666, 672-73 (7th Cir. 2009) (holding that, "even after Booker, a court may not use the § 3553(a) factors to reduce a sentence below the statutory minimum beyond what is warranted for the defendant's substantial assistance"). Consistent with the approach endorsed in Hayes, 5 F.3d at 295, in the present case I took the departure from the lowest level that supported the mandatory minimum – level 28 (a range of 97-121 months). Subtracting 6 levels from that point produced a range of 51-63 months, and I imposed a sentence at the low end.[1]

## II. DISCUSSION

**A.     Applicable Legal Standards**

Section 3582(c)(2) permits the district court to reduce the sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). District courts possess this authority only if two conditions are met. "First, an

---

[1] At that same hearing, I revoked defendant's supervised release, imposing a concurrent sentence of 37 months.

amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range. All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed." United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009).

The Commission lists those amendments that apply retroactively and upon which a sentence reduction may be based in policy statement U.S.S.G. § 1B1.10(c). In determining whether a reduction is authorized under this policy statement, the district court must first determine the amended guideline range that would have been applicable to the defendant if the amendments listed in § 1B1.10(c) had been in effect at the time the defendant was originally sentenced. In making this determination, the court substitutes only the amendments listed in sub-section (c) for the corresponding guideline provisions that applied when the defendant was sentenced, leaving all other guideline calculations unaffected. U.S.S.G. § 1B1.10(b)(1). A sentence reduction may not be granted if (A) none of the amendments listed in sub-section (c) applies to the defendant; or (B) an amendment listed in sub-section (c) does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment). U.S.S.G. § 1B1.10(a)(2) & cmt. n.1(A).

If the court finds the defendant eligible for a reduction, it must then decide whether and to what extent to reduce the sentence, considering the factors set forth in 18 U.S.C. § 3553(a), public safety, and the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1(B). However, the court may not reduce the sentence to less than the minimum of the amended guideline range produced by the retroactive amendment. U.S.S.G. § 1B1.10(b)(2)(A). If the court originally granted a downward departure on the government's substantial assistance

3

motion, a reduction "comparably less than the amended guideline range" may be granted. U.S.S.G. § 1B.10(b)(2)(B). The U.S.S.G. § 1B1.10 limitations on whether and to what extent the court may grant a reduction are binding. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010).

**B.    Analysis**

Defendant relies on the amendment to the crack cocaine guideline, U.S.S.G. § 2D1.1(c), enacted by the Sentencing Commission in response to the Fair Sentencing Act ("FSA") of 2010, which the Commission made retroactive effective November 1, 2011. See U.S.S.G. § 1B1.10(c) (amendment 750). Under that amendment, defendant's base offense level would be 26 rather than 30. U.S.S.G. § 2D1.1(c)(7) (2011). Subtracting 3 levels for acceptance of responsibility under § 3E1.1, his final offense level would be 23 and his imprisonment range 57-71 months.

However, defendant would remain subject to the 10 year statutory mandatory minimum, which is unaffected by the FSA guideline amendments. In a case where the statutory minimum is greater than the maximum of the applicable guideline range, "the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Thus, the guidelines still call for a sentence of 120 months. Accordingly, amendment 750 does not lower the applicable guideline range, and defendant is ineligible for relief under U.S.S.G. § 1B1.10(a)(2)(B). See United States v. Doe, 564 F.3d 305, 312 (3d Cir. 2009) (finding that a higher mandatory minimum triggered the § 1B1.10(a)(2)(B) bar on relief); United States v. Poole, 550 F.3d 676, 678 (7th Cir. 2008) (denying § 3582(c)(2) motion where the sentence was "based on" a statutory minimum under U.S.S.G. § 5G1.1(b), rather than the range produced

4

by U.S.S.G. § 2D1.1(c)).[2]

Defendant argues that U.S.S.G. § 1B1.10 now includes a definition of the phrase "guideline range"[3] which undermines the view that a § 5G1.1(b) "guideline sentence" triggers the § 1B1.10(a)(2)(B) exclusion. Defendant contends that while a "guideline range" for purposes of U.S.S.G. § 1B1.10 exists at the intersection of offense level and criminal history category, nothing about § 5G1.1(b)'s operation turns on the offense level or criminal history calculation. He further notes that § 1B1.10(a) consistently refers to a defendant's "guideline range" while § 5G1.1(b) produces a "guideline sentence." From this, defendant concludes that "whatever the effect of the statutory mandatory minimum on [his] § 3582(c)(2) motion, the result is not the triggering of the § 1B1.10(a)(2) exclusion and attendant ineligibility for a reduced sentence." (R. 1232 at 6.)

The Commission adopted the definition upon which defendant relies to resolve a circuit split regarding when, if at all, the court applies a departure provision before determining the "applicable guideline range" for purposes of U.S.S.G. § 1B1.10. The Commission amended

---

[2]It is true that defendant originally received a sentence below the mandatory minimum based on the government's substantial assistance motion. However, Poole holds that this makes no difference under § 3582(c)(2). 550 F.3d at 680 ("Although the district court granted Poole a statutorily authorized reduction under Rule 35(b), it used her original statutory minimum sentence as its starting point for issuing the reduction. Poole's reduced sentence thus was in no way based on or affected by her otherwise applicable sentencing range, which Amendment 706 would have lowered."). Defendant makes no argument that I may now use some departure point more favorable to him than that produced by Hayes, such that a "comparable reduction" under U.S.S.G. § 1B1.10(b)(2)(B) would produce a sentence of less than 51 months.

[3]The policy statement now provides that: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011).

5

application note 1 to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined before consideration of any departure or variance. United States Sentencing Commission Guidelines Manual, Appendix C – Volume III 421 (amendment 759). This clarification did not respond to the concurring judge's opinion in Doe, as defendant suggests, and nothing in the amended policy statement or the Commission's explanation for it suggests that a U.S.S.G. § 5G1.1(b) "guideline sentence" cannot serve as the applicable "guideline range" under U.S.S.G. § 1B1.10.

Indeed, the amended application note supports the view that § 5G1.1 continues to play a role in § 3582(c)(2) proceedings. The note refers to the guideline range "determined pursuant to §1B1.1(a)." U.S.S.G. § 1B1.10 cmt. n.1(A). Section 1B1.1(a) sets forth an eight-step process, the last step of which is: "For the particular guideline range, determine from Parts B through G of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution." U.S.S.G. § 1B1.1(a)(8). Thus, application of U.S.S.G. § 5G1.1 remains part of the process for determining the "guideline range" under U.S.S.G. § 1B1.10. See United States v. Cannon, Nos. 07-174-03, 07-181-01, 2011 WL 6258483, at *5-8 (E.D. Pa. Dec. 14, 2011) (rejecting a similar argument that a § 5G1.1 "guideline sentence" does not constitute the "guideline range" under the current version of § 1B1.10); see also United States v. Simmons, No. S1 05 Cr. 1328, 2011 WL 6079624 (S.D.N.Y. Dec. 7, 2011) (denying § 3582(c)(2) relief to a defendant who originally faced a guideline range of 97-121, reduced to 51-63 under amendment 750, because of the still applicable 120 month mandatory minimum). Ultimately, despite conceding that he remains subject to a 10 year mandatory minimum, defendant cannot explain how – if § 5G1.1(b) no longer applies – a statutory minimum can be enforced in a § 3582(c)(2) proceeding.

Defendant argues that, in order to give effect to the FSA's displacement of the old 100:1 crack/powder cocaine ratio with an 18:1 ratio, I should now grant him a greater substantial assistance departure. Specifically, he asks me to impose a sentence 31% less than the low end of his new 18:1 range of 57-71 months, just as the original sentence was 31% less than the 100:1 range of 87-108 months. He notes that the original 6 level departure and 51 month sentence represents just an 11% reduction from his new 18:1 § 2D1.1(c) range. However, defendant's applicable "range" for purposes of § 1B1.10 is 120 months, not 87-108 or 57-71 months. Thus, his sentence of 51 months continues to represent a significant departure.

In any event, nothing in U.S.S.G. § 1B1.10(b)(2)(B) suggests that the court may, in a § 3582(c)(2) proceeding, recalculate or increase the size of a substantial assistance departure. See U.S.S.G. § 1B1.10 cmt. n.3 (providing an example of a "comparable reduction"); see also Dillon, 130 S. Ct. at 2694 (holding that the district court may not, in a § 3582(c)(2) proceeding, recalculate the defendant's sentence). Defendant cites application note 3, which states: "Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section." U.S.S.G. § 1B1.10 cmt. n.3. However, the discretion referred to in this note is circumscribed by the requirement that any reduction below the amended guideline range be "comparable" to that granted originally and that the reduced sentence not be less than time served; the note does not provide discretion to grant a greater departure. Even if I possessed such discretion, I would decline to exercise it in defendant's favor; the departure originally granted adequately rewarded defendant for his cooperation, and the sentence of 51 months was necessary to protect the public and deter given his return to drug trafficking while on supervised release for a prior federal drug offense.

7

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 1221) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge